878

G. D. SEARLE & CO., a corporation,
Plaintiff,

v.

CHAS. PFIZER & CO., Inc., a corporation, Defendant.

No. 53 C 2407.

United States District Court
N. D. Illinois, E. D.

Feb. 3, 1958.

Rogers & Woodson, William T. Woodson, Beverly W. Pattishall, Lewis S. Garner, Sidley, Austin, Burgess & Smith, Walter C. Ramm, Richard J. Flynn, Chicago, Ill., for plaintiff.

William J. Marshall, Jr., Haight, Goldstein & Haight, Chicago, Ill., Connolly, Cooch & Bove, Arthur G. Connolly, W. H. Hutz, Wilmington, Del., for defendant.

KNOCH, District Judge.

The Court has reviewed the record and briefs of counsel, has considered the authorities cited, and upon a consideration of the whole case makes the following:

Findings of Fact

1. Plaintiff is a corporation of Illinois, with its principal place of business at Skokie, Illinois. Defendant is a corporation of Delaware, with its principal place of business at Brooklyn, New York.

2. The amount in controversy between the parties exceeds the sum of $3,000, exclusive of interest and costs.

3. This is an action for trademark infringement and unfair competition based upon the alleged violation of plaintiff's rights in the Dramamine trademark because of defendant's use of its Bonamine trademark. Both of these trademarks are applied to pharmaceutical products which may be described as antihistamines which are used as motion sickness remedies.

4. In 1947, plaintiff developed a pharmaceutical product, the descriptive name of which is dimenhydrinate.

5. On March 3, 1949, dimenhydrinate was released for sale on prescription.

6. Since 1949, plaintiff has manufactured, distributed, and sold, and is now selling, dimenhydrinate as a remedy for the prevention and treatment of motion sickness.

7. Plaintiff has sold dimenhydrinate under the trademark Dramamine since the product was first released for sale.

8. On or about December 1, 1953, defendant's motion sickness remedy, para-

chloramine, was released for sale upon prescription under the name Bonamine.

9. The products in issue are both members of the large and well-known chemical class of organic amines. The record shows that numerous products which have been sold in drugstores for years contain the amine suffix. Some of these products are antihistamines and some of them are motion sickness remedies. Some antihistamines are useful as motion sickness remedies.

10. The words Bonamine and Dramamine are unlike. As plaintiff argued that the two words represented sounds which were acoustically similar and often confused, the Court devoted close attention to the two words as variously pronounced by counsel and witnesses throughout the proceedings. It is the finding of the Court that plaintiff's view is not supported by the evidence.

11. Plaintiff had knowledge of defendant's intention to adopt Bonamine as a trademark for an antihistamine months before defendant committed itself to this mark.

12. On or about November 10, 1954, plaintiff was authorized by the Food and Drug Administration to sell the product sold under the trademark Dramamine over the counter without prescription.

13. On or about November 29, 1955, defendant was authorized by the Food and Drug Administration to sell the product sold under the trademark Bonamine over the counter without prescription.

14. Although neither of the tablets is particularly distinctive in appearance, they do differ from each other in color and size. The packaging also differs. It is plaintiff's contention that a confusing similarity exists, not in physical appearance or dress, but between the spoken sound and the appearance in print of the coined words constituting the two trademarks.

15. Physicians, pharmacists and users of medicine generally exercise a high degree of caution. Medicines for internal consumption to alleviate ills (as con-trasted with confections or cleaners, for example) are purchased with great care.

16. The charge of trade disparagement is based upon an error in one of defendant's advertisements, which is attributable to an employee of an independent trade publication in which the advertisement appeared. The same advertisement, free from the error in question, appeared in numerous other trade publications at about the same time. There was no reference to plaintiff or its product in the erroneous advertisement, and the statement of which complaint is made, while not completely accurate, was within the bounds of permissible "puffing." Plaintiff was not damaged by this advertisement.

### Conclusions of Law

1. The Court has jurisdiction of the parties and of the subject-matter of this action.

■ 2. Defendant has not infringed plaintiff's Dramamine trademark or unfairly competed with plaintiff.

■ 3. Plaintiff's charge of trade disparagement is without merit.

4. The complaint should be dismissed.